## C. C. DOVER v. THE STATE.

1—In a trial for malicious mischief, the prosecuting witness testified that he asked the accused "what made him shoot his mare," and that the accused replied that he "did not shoot her with shot." *Held,* that this expression of the accused did not amount to a confession, nor was it inconsistent with his entire innocence of the act.

2—See the facts of this case for evidence held insufficient to sustain a conviction for malicious mischief—being too vague and indeterminate as to the time when the offense was committed, the intent with which it was done, and the amount of damage inflicted.

APPEAL from Cherokee. Tried below before the Hon. Samuel L. Earle.

At the Fall term (1866) of the District Court of Cherokee county, the appellant was indicted for malicious mischief, alleged to consist in unlawfully and wilfully shooting a mare, the property of James Long, with the intent to injure him, the said James Long. The date of the offense, as alleged in the indictment, was the 15th of May, 1866.

On the trial, at the Spring term, 1869, the State introduced James Long, who testified that sometime in 1866 or 1867, he did not remember which, his mare was shot. That the next day after she was shot, he was riding her along by the defendant's house, and defendant came out to the road where witness was, and witness asked him what made him shoot his mare, and defendant replied that he did not shoot her with shot, but did not say what he shot her with. The mare was struck in the side in several places—that is, the hair was knocked off of her in several places, but there was but one place that the skin was broken, and that place bled some, but witness could not say how much. Witness saw no shot. The mare was not so injured as to prevent her from being ridden or worked, or from being traded. She was disfigured by having the hair shot off. Witness stated that he would not have had the mare shot as she was for fifty dollars; but he did not know to what amount she was injured or damaged. He could not state any particular amount as the amount of the injury or damage inflicted.

With some unimportant additions, this was all the evidence in the cause.

The jury found the accused guilty, and assessed the damage at five dollars. A new trial being refused, the defendant appealed.

*M. Priest and Samuel A. Willson*, for appellant.

*W. H. Andrews*, Acting Attorney General, for the State.

LINDSAY, J.—The evidence does not support the charge in the indictment. The testimony of the single witness introduced, neither proves that the malicious shooting of the animal was done before the time alleged in the indictment, nor does it show that the defendant was the guilty agent. His expression, which was, no doubt, construed by the jury into a confession of the act, is not inconsistent with his entire innocence of it. The evidence does not respond to the charge. It was not shown, even circumstantially, that the agent, whoever he might be,

did the act maliciously, and with the intent to injure the owner of the animal. Nor does it appear by the proof that there was any actual damage done, by maiming, wounding, or disfiguring it. No value of any damage was fixed by proof, upon which the jury could base their verdict, such as is required by the statute. Certainly there was not a tittle of evidence upon which to found a verdict of five dollars—the finding actually made. The judgment is reversed.

Reversed.